**Stephen J. Joncus** OSB #013072
Email: stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel.: 503-595-5300
Fax: 503-595-5301

**Wayne Taichi Alexander** *pro hac vice* Pending
**Ryan S. Goldstein** *pro hac vice* Pending
**Marc K. Weinstein** *pro hac vice* Pending
QUINN EMANUEL URQUHART & SULLIVAN LLP
NBF Hibiya Bldg., 25F 1-1-7, Uchisaiwai-cho
Chiyoda-ku, Tokyo, 100-001 I Japan
Tel.: +81 3 5510 1711
Fax: +81 3 5510 1712

**Harold A. Barza** *pro hac vice* Pending
**Robert S. Hill** *pro hac vice* Pending
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017
Tel.: 213-443-3000
Fax: 213-443-3100

Counsel for Plaintiffs Furuno Electric Co., Ltd. and Furuno U.S.A., Inc.

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **FURUNO ELECTRIC CO., LTD. and FURUNO U.S.A., INC.** | Case No. _____ |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **JURY TRIAL DEMANDED** |
| **RAYMARINE, INC.** | |
| Defendant. | |

Plaintiffs Furuno Electric Co., Ltd. and Furuno U.S.A., Inc. file this complaint against Defendant Raymarine, Inc.:

## THE PARTIES

1. Plaintiff Furuno Electric Co., Ltd. ("FEC") is a Japanese corporation with a principal place of business at 9-52 Ashihara-cho, Nishinomiya City, Hyogo, 662-8580 Japan.

2. Plaintiff Furuno U.S.A. ("FUSA") is a Washington corporation with its principal place of business at 4400 N.W. Pacific Rim Boulevard, Camas, Washington 98607.

3. Upon information and belief, Defendant Raymarine, Inc. is a company organized and existing under the laws of Delaware with its principal place of business at 9 Townsend West, Nashua, NH 03063.

## JURISDICTION AND VENUE

4. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. Raymarine, Inc. ("Raymarine") is subject to personal jurisdiction in this Court because, on information and belief, they do and have done substantial business in this judicial District, including: (i) committing acts of patent infringement related to the patents-in-suit, as defined below, and/or contributing to or inducing acts of patent infringement related to the patents-in-suit, as defined below, by others in this District and elsewhere in the United States; and (ii) regularly doing business or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to individuals in this District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Raymarine regularly conducts business in this judicial district and/or because certain of the acts complained of herein occurred in this judicial district.

7. FEC's subsidiary in the United States is FUSA. FUSA's activities, which include sales, maintenance and repair of FEC products, are essential to FEC's operations in the United States. Accordingly, FUSA's proximity to this district makes it a convenient forum.

## THE PATENTS-IN-SUIT

8. On March 16, 2010, the USPTO issued U.S. Patent No. 7,679,548 titled "Radar Apparatus" (hereinafter "the '548 patent"). A true and correct copy of the '548 patent is attached hereto as Exhibit A.

9. On January 7, 2014, the USPTO issued U.S. Patent No. 8,626,365 titled "Automatic Steering Control Apparatus and Autopilot" (hereinafter "the '365 patent"). A true and correct copy of the '365 patent is attached hereto as Exhibit B.

10. The '548 patent and '365 patent are henceforth referred to as the "patents-in-suit."

11. FEC is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

## COUNT I

## INFRINGEMENT OF THE '548 PATENT

12. FEC and FUSA (collectively "Furuno"), realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

13. Upon information and belief, in violation of 35 U.S.C. § 271, Raymarine has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, at least claim 6 of the '548 patent through the manufacture, use, offering for sale, sale, and/or importation of radar products, including, but not limited to, Raymarine's "a/c/e series" and "gS series" of products. Furuno reserves the right to contend that additional radar products manufactured by Raymarine infringe the '548 patent.

14. Upon information and belief, in violation of 35 U.S.C. § 271, Raymarine has infringed and is continuing to infringe the '548 patent by contributing to and/or actively inducing the infringement by others of at least claim 6 of the '548 patent by the manufacture, use, offering for sale, sale, and/or importation of radar products, including but not limited to the a/c/e series and gS series of products, which are especially adapted for infringing the '548 patent. Upon information and belief, Raymarine further actively induces others, including users of radar products manufactured by Raymarine, to infringe the '548 patent through the sale of those products to customers along with directions, demonstrations, guides, and/or manuals that encourage the infringing use of those products. Furuno reserves the right to contend that additional radar products manufactured by Raymarine indirectly infringe the '548 patent.

15. Upon information and belief, Raymarine has continued to manufacture, use, import, offer for sale, or sell products infringing the '548 patent with knowledge of or willful blindness to the fact that its actions will induce Raymarine's customers and end users to infringe the '548 patent. When used for their intended purpose, the radar products perform all of the steps of at least claim 6 of the '548 patent. Raymarine has induced and continues to induce others to infringe at least claim 6 of the '548 patent in violation of 35 U.S.C. § 271 by

encouraging and facilitating others to practice the '548 patent's inventions with intent that those performing the acts infringe the '548 patent.

16.  For example, Raymarine incorporates software into the a/c/e series and the gS series of products that enable an end user to infringe at least claim 6 of the '548 patent. Moreover, Raymarine publishes information about infringing aspects of the a/c/e series and the gS series of products and teaches its customers and end users how to use them in a manner that infringes at least claim 6 of the '548 patent. By incorporating into the Raymarine products software that enables infringement, publishing information about infringing aspects of the products, and teaching customers and end users how to use the products in an infringing manner, Raymarine induces those customers and end users to infringe the '548 patent.

17.  Raymarine also contributes to the infringement of the '548 patent in violation of 35 U.S.C. § 271. Upon information and belief, Raymarine knows that infringing components of the radar products are especially made or especially adapted for use in the infringement of the '548 patent. The radar products and the infringing components of these products, such as embedded software, are not staple articles or commodities of commerce suitable for substantial non-infringing use, and the infringing components of these products are a material part of the invention of the '548 patent. The radar products infringing the '548 patent contain infringing components, such as software, that perform the steps of at least claim 6 of the '548 patent. These software components that Raymarine provides are separable from Raymarine's products, material to practicing the '548 patent's inventions, and have no substantial non-infringing use. Moreover, as explained above, Raymarine publishes information about infringing aspects of its products that are practiced using the software components Raymarine provides. Accordingly,

Raymarine is also contributing to the direct infringement of the '548 patent by the end users of these products.

18. Upon information and belief, Raymarine knew or should have known its actions would cause direct infringement of the '548 patent and did so with intent to encourage direct infringement.

19. Upon information and belief, Raymarine's infringement of '548 patent has been, and continues to be, knowing, deliberate, and intentional.

20. Upon information and belief, Raymarine's acts of infringement of the '548 patent will continue after service of this complaint unless enjoined by the Court.

21. As a result of Raymarine's infringement, Furuno has suffered and will suffer damages.

22. Furuno is entitled to recover from Raymarine the damages sustained by Furuno as a result of Raymarine's wrongful acts in an amount subject to proof at trial.

23. Unless Raymarine is enjoined by this Court from continuing its infringement of the '548 patent, Furuno will suffer additional irreparable harm and impairment of the value of its patent rights. Furuno has no adequate remedy at law for these wrongs and injuries. Thus, Furuno is entitled to a preliminary and permanent injunction against further infringement.

## COUNT II

## INFRINGEMENT OF THE '365 PATENT

24. Furuno realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

25. Upon information and belief, in violation of 35 U.S.C. § 271, Raymarine has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the

'365 patent by practicing at least claim 1 of the '365 patent through the manufacture, use, offering for sale, sale, and/or importation of marine navigation products including, but not limited to, the S1000 Autopilot and the Evolution Autopilot products. Furuno reserves its right to contend that additional marine navigation products manufactured by Raymarine infringe the '365 patent.

26. Upon information and belief, Raymarine's infringement of '365 patent has been, and continues to be, knowing, deliberate, and intentional.

27. Upon information and belief, Raymarine's acts of infringement of the '365 patent will continue after service of this complaint unless enjoined by the Court.

28. As a result of Raymarine's infringement, Furuno has suffered and will suffer damages.

29. Furuno is entitled to recover from Raymarine the damages sustained by Furuno as a result of Raymarine's wrongful acts in an amount subject to proof at trial.

30. Unless Raymarine is enjoined by this Court from continuing its infringement of the '365 patent, Furuno will suffer additional irreparable harm and impairment of the value of its patent rights. Furuno has no adequate remedy at law for these wrongs and injuries. Thus, Furuno is entitled to a preliminary and permanent injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Furuno prays for the following relief:

(a) That Raymarine be ordered to pay damages adequate to compensate Furuno for Raymarine's infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(b) That Raymarine be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for its infringement;

(c) That Raymarine, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement pursuant to 35 U.S.C. § 283;

(d) That Raymarine be ordered to pay prejudgment interest;

(e) That Raymarine be ordered to pay all costs associated with this action; and

(f) That Furuno be granted such other and additional relief as the Court deems just and proper.

Dated:  June 20, 2014

Respectfully submitted,

*/s/ Stephen J. Joncus*

**Stephen J. Joncus** OSB #013072
Email: stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel.: 503-595-5300
Fax: 503-595-5301

**Wayne Taichi Alexander** *pro hac vice* Pending
**Ryan S. Goldstein** *pro hac vice* Pending
**Marc K. Weinstein** *pro hac vice* Pending
QUINN EMANUEL URQUHART & SULLIVAN LLP
NBF Hibiya Bldg., 25F 1-1-7, Uchisaiwai-cho
Chiyoda-ku, Tokyo, 100-001 I Japan
Tel.: +81 3 5510 1711
Fax: +81 3 5510 1712

**Harold A. Barza** *pro hac vice* Pending
**Robert S. Hill** *pro hac vice* Pending
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017
Tel.: 213-443-3000
Fax: 213-443-3100

*Counsel for Plaintiffs Furuno Electric Co., Ltd. and Furuno U.S.A., Inc.*125

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  June 20, 2014               Respectfully submitted,

/s/ Stephen J. Joncus

**Stephen J. Joncus** OSB #013072
Email: stephen.joncus@klarquist.com
KLARQUIST SPARKMAN, LLP
One World Trade Center
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Tel.: 503-595-5300
Fax: 503-595-5301

**Wayne Taichi Alexander** *pro hac vice* Pending
**Ryan S. Goldstein** *pro hac vice* Pending
**Marc K. Weinstein** *pro hac vice* Pending
QUINN EMANUEL URQUHART & SULLIVAN LLP
NBF Hibiya Bldg., 25F 1-1-7, Uchisaiwai-cho
Chiyoda-ku, Tokyo, 100-001 I Japan
Tel.: +81 3 5510 1711
Fax: +81 3 5510 1712

**Harold A. Barza** *pro hac vice* Pending
**Robert S. Hill** *pro hac vice* Pending
QUINN EMANUEL URQUHART & SULLIVAN LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California  90017
Tel.: 213-443-3000
Fax: 213-443-3100

*Counsel for Plaintiffs Furuno Electric Co., Ltd. and Furuno U.S.A., Inc.*125